# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

  v.                                                         **Case No. 03-CR-289**

**CARLTON LEROY,**
        **Defendant.**

## DECISION AND ORDER

Defendant Carlton Leroy moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's recent amendment to the crack cocaine guidelines. The Commission designated the changes for retroactive application in U.S.S.G. § 1B1.10(c) (2007), making defendant potentially eligible for a sentence reduction under § 3582(c)(2). Nevertheless, for reasons both technical and substantive, I will deny defendant's motion.

## I. FACTS

Defendant pleaded guilty to two counts of distributing unspecified amounts of crack cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). At sentencing, I calculated an offense level of 26 under U.S.S.G. § 2D1.1(c) based on a relevant conduct drug weight of 14.88 grams of crack and 31.05 grams of powder cocaine. I granted a 2 level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), producing a final level of 24. Coupled with a criminal history category of VI, defendant's imprisonment range was 100-125 months. United States v. Leroy, 373 F. Supp. 2d 887, 889 (E.D. Wis. 2005). I then imposed a non-guideline sentence of 70 months based on the disparity between the

guideline penalties for crack and powder cocaine. Id. at 891-93. In so doing, I used a ratio of 20:1, consistent with the Commission's most recent proposals, which produced a final offense level of 20 and a range of 70-87 months. Id. at 896.[1]

## II. DISCUSSION

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Eligibility for a reduction under this provision is triggered only by amendments designated for retroactive application in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10 cmt. n.1;[2] see also United States v. Perez, 249 F.3d 583, 584 (7th Cir. 2001)

---

[1] The Seventh Circuit subsequently held in United States v. Jointer, 457 F.3d 682, 686-87 (7th Cir. 2006) that district courts could not disagree with the ratio contained in the guidelines, but the Supreme Court vacated that decision in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). Jointer v. United States, 128 S. Ct. 855 (2008). In Kimbrough, the Court held that a district court may "conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." 128 S. Ct. at 575; see also United States v. Jackson, No. 07-CR-242, 2008 WL 644885, at *3 (E.D. Wis. Mar. 7, 2008).

[2] Application note 1 explains: "Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1.

2

("Amendments apply only to sentences pronounced after the changes go into force, unless the Commission makes them retroactive."). The Commission has included the crack amendments, 706 and 711, in § 1B1.10(c).

However, given the manner in which defendant's offense level would be re-calculated under the new guidelines, it does not appear that his imprisonment range is lowered. See U.S.S.G. § 1B1.10(a)(2) (2007) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if [an] amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."). As noted, at the original sentencing I held defendant responsible for 14.88 grams of crack and 31.05 grams of powder cocaine. Under the drug equivalency table in effect at the time, the crack converted to 297.6 kilograms of THC, and the powder to 6210 grams of THC, for a total of 303.81 kilograms of THC equivalent. See U.S.S.G. § 2D1.1(c) cmt. n.5 (2005) (providing that 1 gram of crack equaled 20 kg of THC and 1 gram of cocaine equaled 200 g of THC). This produced a base level of 26. Under the current equivalency table, the 14.88 grams of crack converts to 238.08 kg of THC. See U.S.S.G. § 2D1.1(c) cmt. n.10(D) (2007) (providing that in cases where the crack alone produces a level of 24, the THC equivalency is 16 kg per g of crack). The powder conversion is unchanged. The new total is 244.29 kg of THC, which still produces a base level of 26. Thus, although defendant's crack amount alone now produces a level of 24 rather than 26, using the equivalency table, the imprisonment range is not lowered.[3]

---

[3]This result seems odd, but in devising a new drug equivalency table the Commission was forced to employ different reference points try to maintain some

3

Even if defendant's range were lowered by the amendment, I would deny the motion in the exercise of discretion because I accounted for the disparity between the guideline penalties for crack and powder cocaine in the original sentence.[4] In enacting Amendment 706, the Commission explained that the 100:1 ratio contained in § 841(b)(1) and the then-current guidelines seriously undermined the objectives of the Sentencing Reform Act. It therefore lowered crack penalties by assigning base levels corresponding to ranges that <u>included</u> the statutory mandatory minimum, rather than producing ranges <u>above</u> the minimums. The Commission admitted that its changes were only an "interim measure" and that a permanent or complete solution required Congressional action. <u>United States Sentencing Commission Guidelines Manuel, Supplement to Appendix C</u> 229-31 (Amendment 706). Generally, the amendments produce sentences 2 levels lower. <u>See</u> U.S.S.G. § 2D1.1(c) (2007).[5]

In the present case, in the exercise of discretion under 18 U.S.C. § 3553(a), I imposed a sentence 4 levels below the guidelines' recommendation to account for the disparity between crack and powder cocaine. <u>Leroy</u>, 373 F. Supp. 2d at 891-96. In U.S.S.G. § 1B1.10(b)(2)(B), the Commission states that "if the original term of

---

consistency within the drug quantity table. As the Court noted in <u>Kimbrough</u>, based on the 2007 amendment the guidelines now advance a crack/powder ratio that varies (at different offense levels) between 25:1 and 80:1. 128 S. Ct. at 573.

[4]<u>See</u> <u>United States v. Hasan</u>, 245 F.3d 682, 685 (8th Cir. 2001) (holding that even when a retroactive amendment triggers eligibility under § 3582(c)(2), "the district court retains the discretion to determine whether to re-sentence the defendant within the new lower range").

[5]Again, as noted in note 3, the guidelines retain disparities of between 25:1 and 80:1 between crack and powder cocaine.

4

imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." Although this provision does not purport to foreclose a reduction for someone in defendant's position,[6] it does counsel against an additional reduction. Further, in determining whether to exercise discretion to lower a sentence under § 3582(c)(2), the Commission suggests that the court consider the factors set forth in 18 U.S.C. 3553(a), public safety, and the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1(B). In the present case, my consideration of those factors compels me to deny defendant's motion.

First, defendant has already received a reduced sentence to account for the disparity between crack and powder – a discount more generous than the one adopted by the Commission in the 2007 amendment. A further reduction on this basis would not promote respect for the law or any other purpose of sentencing in § 3553(a)(2). Second, given defendant's serious prior record, see Leroy, 373 F. Supp. 2d at 891 ("Defendant seemed to pose a risk of re-offending and a danger to the public."), a further reduction would not be in the public interest. Finally, although in his motion defendant describes his post-sentencing conduct and accomplishments, which appear to be creditable, I cannot conclude that this factor outweighs the others I have discussed. In sum, I find that a further reduction would not, under all of the circumstances, be consistent with my evaluation of the § 3553(a) factors in this case.

---

[6] I need not address whether, under Booker, the Commission could foreclose such a reduction.

5

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 97) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge